IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**REX EVERSOLE,**

        Petitioner,

v.                    **CIVIL ACTION NO. 5:23-CV-108**
                         Judge Bailey

**R. BROWN,**

        Respondent.

### REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 24, 2023, the *pro se* petitioner, Rex Eversole, ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the application of time credits. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND [1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **United States v. Eversole**, 5:20-CR-00006-KDB-DSC-1 (W.D. N.C. 2020). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

1

**A.    Conviction and Sentence**

On January 22, 2020, petitioner was charged in a multi-count indictment in the Western District of North Carolina. On February 25, 2020, petitioner pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 25, 2020, petitioner was sentenced to a total term of one-hundred and ten months.

Petitioner did not file an appeal. According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is February 2, 2027.

**B.    The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner argues that the BOP has unlawfully computed his sentence; he contends that despite having 365 days "off my sentence" the BOP has not lowered his recidivism level so that he can apply the credits. Petitioner includes a Sentence Monitoring Computation Data sheet which lists his FSA eligibility status as "ineligible."

### III.    LEGAL STANDARDS

**A.    Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule

1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.      Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

Upon review, the undersigned finds that petitioner has failed to state a claim upon which relief can be granted.  Petitioner alleges that the Bureau of Prisons has unlawfully computed his sentence; he states that he had an unresolved pending charge that was resolved and that he was incarcerated during COVID-19 "and was awarded 365 days off my sentence but the BOP has not lowered my recidivism level so I can apply credits." [Doc. 1 at 6].  Construing the petition broadly, petitioner appears to be seeking the application of credits under the First Step Act.  Petitioner refers to lowering his recidivism level in order to have the credits applied, presumably referring to the requirements for earned time credits to be applied under 18 U.S.C. § 3624(g).  Further, petitioner attaches to his petition a Sentence Monitoring Computation Data sheet from the BOP, on which he has circled the BOP's determination that his FSA eligibility status is "ineligible."

However, while petitioner appears to be under the impression that his ineligibility is a result of a dismissed state charge, he is in fact ineligible due to his federal conviction. Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18 U.S.C.A. § 3632(d)(4)(A). However, subparagraph (D) excludes certain prisoners from eligibility, including if they are serving a sentence for conviction under:

> (lxvii) Subparagraph (A)(viii) or (B)(viii) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(H) or (2)(H) of section 1010(b) the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C.A. § 3632(d)(4)(D)(lxvii). Here, petitioner pleaded guilty to counts including violations of 21 U.S.C. § 841(b)(1) for conspiracy to distribute and to possess with intent to distribute methamphetamine and for possession with intent to distribute methamphetamine. Accordingly, petitioner is ineligible to receive time credits under 18 U.S.C. § 3632(d) and the petition should be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  May 4, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE